UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARLON JAMES PETTIEWAY** | : | **DOCKET NO. 2:23-cv-0399** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **DON TATES** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983, by plaintiff Marlon James Pettieway, who is proceeding pro se and in forma pauperis in this matter.

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Plaintiff brings the instant suit pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Don Tates, owner of an auto salvage and repair shop in Pineland, Texas. Doc. 1. He contends that while driving from Kansas City, Missouri to Louisiana in May 2022, he had a tire blow out. *Id.* The "authorities showed up" and called defendant Don Tates, owner of a "tow yard they regularly use" and plaintiff's car was towed to Mr. Tates' place of business. *Id.* Plaintiff alleges that, without his consent, Mr. Tates moved the vehicle to his home. *Id.* Despite attempting to contact him by telephone, and driving to his business twice, he has been able to retrieve his car. *Id.* Plaintiff concedes that Mr. Tates is a private citizen "acting under color of state law." *Id.*

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Plaintiff is not a prisoner; however, he is proceeding in forma pauperis. Doc. 4. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint "(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); *see Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; *see Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.; cf. Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.; see, e.g., Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B)

applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.  In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Defendant is Not a State Actor*

Plaintiff brings the instant claim pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated by Don Tates.

Under § 1983, individuals maintain a private right of action to redress the violation of constitutional rights or federal law by those acting under color of state law. *Tex. Mfr'd. Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). The statute is not itself a source of substantive rights, but rather it "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994) (quoting *Baker v. McCollan,* 99 S. Ct. 2689, 2694, n.3 (1979)). To state a claim of relief under § 1983 against the Don Tates, Pettieway must allege that Tates was a person acting under color of state law who deprived him of a right secured by the Constitution or the laws of the United States. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 119 S. Ct. 977, 985 (1999); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984).  In allegations like those brought by plaintiff, where a private citizen is alleged to have committed a § 1983 violation, the plaintiff must offer proof that the citizen is either a state actor or conspired

with state actors. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983, the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law. For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.") (internal quotations omitted).

Here, plaintiff makes the conclusory allegation that Don Tates was "acting under the color of state law." Even construing the facts alleged in Pettieway's complaint as broadly as is permissible, his complaint does not allege an agreement between Tates and any state actor to commit an illegal act in violation of Pettieway's constitutional rights, nor does it allege specific facts to show an agreement." *See Priester*, 354 F.3d at 420.

The only facts alleged by Pettieway that involve a state actor, the state actor being the officer who arrived on the scene of plaintiff's automobile incident, is that Tates was called by this officer to assist plaintiff with his vehicle. Even if plaintiff had alleged that Tates towed his vehicle pursuant to a contract with the police department, which he did not, acts of private contractors, such as Don Tates, do not become acts of the state by virtue of their engagement in performing public contracts. *See Rendell-Baker v. Kohn*, 102 S. Ct. 2764, 2771 (1982). Accordingly, because Pettieway has failed to allege specific facts to demonstrate an agreement between Tates and a state actor to deprive Pettieway of his constitutional rights, his § 1983 claims should be dismissed.

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 12th day of June, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE